18.0535 Collinsville Area Recreation District v. White Mr. Ricklinger Will it please the clerk, counsel? My name is George Ricklinger, I'm here representing the... George, would you speak up a little bit? We are recording, and it's to your benefit to have it recorded. I'd be happy to. And to have us hear you. I have bad hearing in one ear, and I sound louder than myself when I'm speaking usually. One of the things that they say that does that. Okay. I'm George Ricklinger, I'm representing William White in the case of Card v. White. In this case, we have a pending motion to dismiss. I would like some guidance from the court as to which issue you would like me to address first. Please proceed how you want. All right. I'm always interrupted, you know. That's been known to happen. Yes, occasionally. In that case, I'll start with the motion to dismiss, claiming that this matter is moot. I would take the position that it is not moot, since, for example, one thing is that the court hasn't decided who's going to pay for the repairs that were made. And secondly, and probably more importantly, I think that this case gives this court the opportunity to, if I guess instruct is one way to put it, a judge who has totally ignored the Civil Practice Act, the rules of the Supreme Court, and even the Constitution's due process clause. Yeah, I was very disappointed in this judge who called people trolls and billygoats. That was an interesting intro. Unnecessary. Regardless of that, you made one mention in this report of proceedings of September 5, 2018, Mr. Ricklinger, when you were given the opportunity to speak and point pointedly said you've learned not to roll eyes at judges. Do you recall that? I recall that case, too. Learned not to roll eyes at judges. But you indicated, most importantly, that there's no complaint on file in this case. There is a complaint, but it asks for a different relief entirely and with different facts. What is the cause of action alleged in the complaint? The cause of action alleged in the complaint is that my client was interfering with egress and ingress of patrons of the golf course, this bridge. What count is that in? I'm sorry? I didn't see that in any of the counts. In the complaint? I saw a count for a TRO, I saw a count for a preliminary injunction, and I saw a count for a permanent injunction, but I never saw a complaint that alleged a separate cause of action. That is exactly what you saw. That's exactly what was on pending at the time of this hearing. They filed a motion for a specific performance and a motion to amend the preliminary injunction. I wasn't in this case when the initial proceedings resulted in a preliminary injunction. I don't think the client was not represented, I don't believe. I got into it after that, and then it came this new motion, and I said, well, I filed an objection saying you have to have a complaint asking for this relief and stating the grounds for the relief. And that was found to be moot by the judge, and the motion for a preliminary injunction and specific performance was denied. That was the first move. Then my motion to require them to file a complaint was found to be moot, and then the judge entered an order ordering that the card to come in and repave my client's property. I filed a- I'm concerned procedurally in this, and maybe the other side can help me out. If this case were moot, as they allege, and it's remanded, what is it going to be remanded on? I mean, there's no complaint to be filed other than really what should be motions for TROs, preliminary injunction, and permanent injunction. They were given permission to file a complaint, which they did the day before the voters- They filed many complaints, but they're still count one. These are motions. These are not counts on anything. Count two is trespass. Yeah, they- I see. They filed many complaints after the order was entered, and the day before the voters in the County Recreation District voted to abolish- They had no complaint on file when they filed a request for TRO. They had a complaint on file that had nothing to do with their request in their motion for TRO. I'm sorry. The trespass was your counterpoint. I'm still being followed by- Procedurally, it's really messed up. There was no complaint on file asking for the relief of the judge then. We had filed a motion to deny their motions for this relief because there was no complaint on file. There has to be a complaint on file alleging the facts and the relief requested. It wasn't there. The Injunctive Relief Act, I understand. Yes, ma'am. Okay, so- You understand why I mentioned not rolling my eyes when this all happened, and not only because of the trolls, which he referred to my client as, basically. Luckily, my client was not present to hear that. There were no witnesses. There was no evidence. People crossing the bridge. Okay, okay. If you haven't read that portion of the record, you should. It's interesting. But essentially, the court ignored the Civil Practice Act, ignored due process. There was no hearing. There was no evidence. There was no testimony. He just entered this order that CARD could come in and pave over this area of my client's property. I asked for a stay, and, of course, with a stay is a preserved status quo. It was denied, and CARD, after being voted into nonexistence by the voters, went out and paved it. There's a statute that says once the voters decide that they're going to disband this park district- Which they did. Yes, which they did on November 6th. They went out in December and incurred the expense of paving this bridge. When you say a bridge, isn't it a culvert? It's really a dirt causeway with a large culvert under it. It's not really a bridge. And it's the only access that there is to the Orlington Golf Course. But- And they have an easement of- They have an easement. It's an unusual easement requiring the owner of the land as opposed to the owner of the easement to make repairs as necessary. And we have no problem with that particularly except that there has to be some evidence and some testimony that the repair is required and what's required and how much it's going to cost before it can be ordered by a foreman. This was not done. The only thing they went- The judge denied my stay, which would have preserved the status quo until today. And they went out and they did it as quickly as they could. They filed a commendatory complaint the day before the voters decided they shouldn't be in existence. We haven't had a chance to file an answer. We haven't had a chance to do discovery. The court said we're going to have a status hearing after they've finished all this. We're going to have a scheduling order. Well, for what purpose if they've already done it? They decide who pays for it, I guess. Now we've got an entity which no longer at least is supposed to be winding up its affairs. Well, there was some indication, and I don't know whether this is true or not, but at least in the record of proceedings there was an indication that even though the voters disbanded the entity, that as of the date of disbandment the board members stay in place and there's a whole procedure for carrying on. Right. The board members can stay in place. They can raise taxes to pay off preexisting debt. But they cannot incur upfront debt, which they did. And they have to dispose of the property. The repairs were done before the vote. No. They were done in December. Okay. Well, there's an indication in the record they were in October that they were going to be done by October 31. That may be in the record, but I think it's also in the record that they were done in December. That's when they were completed. The council knows more about that than I do. There's an indication, at least that I know of, that when that contract was entered into the repairs. There may be a contract entered into. The actual work was not done until December. Okay. And I don't think we need to go down that rabbit hole right now. But, I mean, how would you propose this be unwinded? It's a difficult question. It's a difficult question. Actually, I think it should be unwound by saying my client doesn't have to pay for it, quite frankly. If they decided they wanted to do this without due process, then they ought to pay for it. That's a question of fact, I think, as to whether your client had a legal obligation or not to maintain the easement anyway, right? Well, and it's also a legal question as to what he has to do to maintain it, whether it needed to be maintained, how much he had to spend to do that, what process had to be done. The repairs were reasonable, et cetera, et cetera. Yeah. I understand there were pretty substantial changes to the approaches to the property, the road work, if you will. Well, let's suppose, theoretically, this court would vacate the trial court's order. What would be the status of the proceedings at that point, as you understand it? If the court vacates the order, then I suppose we would be back to ground zero. What is ground zero? They have a complaint on file. Now, requesting the same relief, I would assume then that we would file an answer to that complaint, which was filed after the notice of appeal was filed in this case. We would have to file, and we would get the discovery, and there would be a hearing. Well, you had an answer to the first or somebody filed. Right. There was an answer to the first complaint. But, again, it had nothing to do with the relief granted in this case. What is the complaint, the basis of the complaint? I thought that was your complaint. The first complaint in this case said that my client was interfering with ingress and egress with patrons of the golf course and that he was doing damage to a mailbox and harassing their customers. That was the whole thing. And there was an order saying he couldn't destroy any of their property. But that was part of the TRO, correct? Right, and the TRO was granted on that basis. Doesn't there have to be a complaint, as Justice Cates was indicating, there has to be an underlying basis for a legal basis for a TRO in order to keep the status quo? The whole purpose is to keep the status quo. There has to be a complaint on file saying the road needs to be repaired, there's an obligation for him to do it, and this is what is required. There's a breach of that obligation. That's on file now after the road is repealed. Well, the first amended complaint I'm looking at says Count 1, permanent injunction. Yeah. Count 2 says no use of property. Well. Count 3 is breach of easement. Correct. Intentional interference with easement and specific performance. Correct. I suppose an unjust image. I haven't filed a motion to that. I suppose there were some accounts on file that could. Could possibly lead to that. I won't grant it that. The pleas have been, in my opinion, inadequate all the way through. But there were no pleas on file at the time this order was entered. The plea was finally filed after the notice of appeal was filed in this case. I think it was on November 5th. So the ones that Justice Cates was referencing were the ones that were filed after notice of appeal? Yes. And the day before the voters voted to disband CART. I did not file an answer to that or a motion. If it goes back, obviously I'll probably file a motion to dismiss or strike before I do anything else. And we'll try and get the pleading straightened out so that we are at issue. And also at that point I'll be doing some depositions of the contractors and other people who proposed to do these or did these things. No discovery was done by either side at this point because there was really nothing on file. I filed a motion to strike the motion to amend the preliminary injunction in the motion for specific performance. It's attached as an exhibit. You can't do it by motion. There has to be a complaint on file for either. And I pointed that out to the court. The court denied their motions, as you see in the order, found that my motion to dismiss their motions was moved and then gave them the relief they asked for without hearing, without evidence, without testimony. Highly irregular. Quite frankly, I've never seen anything like that in my life. And it should not be allowed to, if nothing else, this court needs to inform this court and other courts that they are required to file, required to follow the Civil Practice Act, the rules of the Supreme Court, and the Constitution. If this is allowed to continue, it legitimizes the actions of this court. And that's the most important thing, frankly, I think, in this case. Whether you do it by Rule 23 or by order, this court needs to be told that it can't do these things. Not without hearing, not without due process. I was amazed. At the hearing on September 5th, it appears that Judge Harrison granted them leave to amend maybe 60 days. It's not clear, at least to me. But it's also, he says that, in the purported proceedings, that he's actually going to grant the motion. And then the order says just the opposite. I understand. I don't understand anything that went on in this situation. It was highly irregular, highly illegal. And you say, was your client pro se at that point? No. I was there. He wasn't present because I thought the only thing we were going to do was take, and that's what was set for hearing, was their motions and my motion. And their motion was denied, and yet they got it. The motion was denied in the order, but it seems that the motion, he says he's going to grant it. I didn't get a chance to draft the order. You didn't draft that order? I did not draft that order. Didn't he draft the order? I believe so. I'm surprised he didn't mention the trolls. But it should not be allowed to stand just because of that irregularity. It should be remanded to the courts for proper proceedings. And I understand that is probably going to be an expensive effort on both sides, but it should not be allowed to stand. That kind of action is the kind of thing you see on television shows. It's not what we all know how the courts are supposed to proceed. It's very clear from the Civil Practice Act and from the Supreme Court rules, and it was just totally ignored. It should not be allowed to stand. So what relief are you asking for? I would not like to have to pay for that. My client would not like to have to pay for that. We can't determine that. And I know that. I know that. What specific relief do you think this Court can afford? I think it should be vacated in order to have a proper hearing with the proper proceedings following the rules. So you would want it vacated and remanded? It could be vacated. That would be fine. Well, then what happens? That's a good question. You know, it's hard to put something like this back in the box. And the clerk, of course, has no interest in it, just did what it wanted to do. But the reality is someone is going to have to decide who pays for the repair that's been done. I may suggest that we have a different judge on remand. Excuse me? I may suggest we have a different judge on remand because otherwise I would think that it's going to be something that, as we all know, trial judges don't particularly care to be reversed, and sometimes that comes back to haunt the litigants. Did you ask for that in any part of your argument? I did not. Normally that is not something that is granted by the appellate court, but I think it's particularly appropriate in this case. We ask that it be reversed, but I think that the denial of the stay was a reaction to filing the notice of appeal, quite frankly, because that's essentially the way it was delivered. It shouldn't be allowed to stand. Thank you, Mr. McGuire. Okay, Mr. Craney? May it please the clerk? Before getting into what I intended to say, I'll make a few points. I was a little confused by what just happened, and I don't want to misspeak to the court, but my understanding, if we're talking about the same order I'm thinking of, as I recall, the order that was entered was actually drafted by both counsel and kicked back and forth a few times, so the final order. That's not important to us, actually. Okay. Do you have any questions about which order is being appealed here? If it's not important to the court, I'll move on. No, it's not important who drafted it. Okay. Well, I thought the court had asked him who drafted it, so I was just... I did, but... Okay. From CARD's, I will refer to Collinsville Area Recreation District as CARD, and from their point of view, I think I'd be remiss if I didn't say, and I have no history with particular connection to Judge Harrison, but from our point of view, the context during these hearings was not nearly or was not in any way, shape, or form the sort of kangaroo court that I think that counsel is portraying it to be. I did send a notice to have plaintiff, I'm sorry, defendant himself appear at the last hearing, and I was prepared to put evidence on. Judge Harrison didn't have it go that way, so just to be clear, we were prepared to present evidence, and the way it went is the way it went. Do you think it's appropriate to call Mr. Ripplinger's client a troll or to refer to your clients even on the people who pass over the golf course as goats? Do you think that's appropriate for a court judge? The way I took it in the courtroom, I will simply say I think he was making an analogy to the billy goat's gruff, the little story that they tell children. My question was, do you think that's appropriate? I am always guided by the wisdom of the court that I'm before, the time that I'm before the court. Okay. Well, we're not going to get into that. That's fine. What about the absence of a complaint, an underlying complaint? I'll speak to that. I was not in this case originally, as counsel was not either. We both sort of stepped in. The original petition, the original complaint on file was a complaint for an injunction that stemmed from the allegation. The original petition on file was for a TRO, a preliminary injunction, and a permanent injunction. It was like they filed it as a complaint, but these are really motions, so they conflated two procedural issues. Correct. Understood. And the issue going on was at the time there were allegations that the defendant in this case was blocking entrance to the golf course and was going to charge admission. But you never answered my question. What are we supposed to do with the fact that there was no complaint on file when you filed the motions for the TRO, the preliminary, and the permanent injunction? When I say you, it wasn't you. That I will take some of the blame that my first act when I entered into this case with the new issue that arose having to do with the repair of the road, I at the time thought the appropriate way to go about that was to, since we had an injunction in place, was to file a motion to amend it. Let's go back again. What do we do about the fact that there was no underlying complaint in order to trigger under the act the motion for a TRO? We are in a bit of a complicated pleadings posture. That's your answer. My answer would be that at the time that the judge made this ruling, part of the order was also to grant us leave to file an amended complaint contemplating there would be one filed, and it's now on file. And that complaint includes couch. What you did, going to what Justice Chapman is trying to get to, is instead of amending your complaint, your client, or I think it was you actually, filed a motion to amend the preliminary injunction. Instead of amending the complaint, you filed yet another motion to amend an injunction. Correct. And the judge easily amended the complaint as it now sits, and that would have been before the court, and then we would, of course, have something to look at. And so would the other party. That was not done. So pursuant to the Injunctive Relief Act, we have no complaint on file that underlies this order. Would you agree with that? At the time, I would agree with that. Correct. So now what do we do? Well, it seems clear to me that where we are at is the road is fixed, and the issue that remains to be determined is who should pay for it pursuant to the underlying easement. And I think that, frankly, I'm just kind of a little stymied or befuddled. I mean, to me, it's very clear the issues are moot. How can the issues be moot if there was no procedural compliance with the law? I mean, do you get a free pass? No. Because the mootness doctrine – well, as I understand the mootness doctrine, I don't know what relief could be granted by this court. The relief he's asked for is to prevent us from going in and fixing the road, the bridge, whatever we will call it. That's been done. So I'm not – it is – Well, but this court can look at the order and grant, and the record in its entirety, and we can grant the relief that we think is most appropriate. Do you agree with that? If the relief would be vacating the order and sending it back for determination as to how to handle payment, I guess in my mind I don't necessarily see that as being – it's the same result as if it was – as if the appeal was dismissed as being moot. Either way, the case is going to go back below, and the next step would be, as counsel says, discovery. Well, what if this court decided to just dismiss your complaint? If you look at the part of the pleading zone file and the time the order was entered, do you agree that we have the ability to dismiss your complaint? I would have to think that through. If it would be an extraordinarily harsh remedy, we were following the underlying court's order. I mean, if I took a misstep by trying to amend the injunction, the court told me that's not the correct move here, what you need to do is file an amended complaint, which we did timely. And in the meantime, he granted us the ability to go in and fix the road because it was crumbling. I don't think that we've done anything to merit. With the court's view of the underlying court's actions aside, I don't think we've done anything to merit such a harsh remedy. I follow. Well, I mean, I don't understand why you think that's harsh, and why the fact that your client or you or whomever, I think it was Hefler-Byrne, didn't file a complaint that's clearly required under Section 5-11-111, 5-11-111, with civil practice. I mean, that is black-letter law that a complaint is required. Then you file your motion for TRO or whatever it is you want. Well, I guess I'm not trying to evade the questions. I would just say that at the time and the way this played out, the court instructed us, you have a certain amount of days to file an amended complaint, and in the meantime, this will be what happens. And I set about filing what I call the amended complaint, I guess you would call it the complaint, and we did that. Well, no. I'm looking at your original complaint, your amended complaint. It includes counts for injustice enrichment. Sure, but it was filed after you had noticed the appeal. That's correct. So do you think we should incorporate that now, or do you think that's excluded from our review of everything? What do you think? I think that, frankly, I think that the status of the filings at the time functionally has little relationship to what will happen going forward, just because whether this is decided under the doctrine of mootness or whether it's decided through vacating the underlying order, I think that we get to the same place, which is the next step is we need to determine who has to pay for this work. Does that answer the question? Well, I'm not sure it does. It's kind of like putting a genie back in a bottle. I mean, at some point, Mr. Ricketer's client could have not only contested whether he had the obligation to do it, but whether your client was going to do it in a reasonable manner. Like, he could go and build the Platinum Bridge, and does he have to pay for it? I mean, isn't that a question that would have been or is going to be raised? It's certain. I anticipate that's exactly the question that's going to be raised. And if there's a determination that we did too much work, which obviously I don't – it's pretty simple. We black topped the top of this little driveway over the culvert. But I think if there's an issue or if it's proven that we did too much work or it wasn't reasonably done, then I suppose they can win. Would you agree that the purpose of a complaint in Illinois, regardless of whether it's under the Injunctive Relief Act or just personal injury, for example, or breach of contract, is to put the other side on notice of what it is they have to defend against? I would agree with that. Okay, so now Mr. Ricketer walks into court on September 5th with a motion to amend an injunction with no underlying complaint compiled. And everything has been aimed at too many people. You're going to block the people coming across the bridge, and all of a sudden there's a motion you've got to pay for a repair. What kind of notice does that give to his client that gives him the opportunity to defend under the due process in your mind? The basis for what we were – the reason why we were requesting to amend the actual injunction with these new facts was incorporated into the motion. So they had notice of – I mean, he had notice of what I was going to argue and why I was asking to amend the TRO. It wasn't a TRO. The injunction. I mean, maybe if it hadn't been a TRO, the situation would be different because it was an immediate, urgent need. Although I think the court found that that wasn't in existence. As I recall him, I think he said from the bench that he agreed that the road was in need of repair. In need of repair. And I think he mentioned safety maybe.  Could you give me anything else? I guess I would just summarize by saying where I think we find ourselves now is we have a complaint on file pursuant to the underlying court's order. It includes counts, among other things, for unjust enrichment, specific performance. And I think that we need to get back to that to conduct some limited – I'm assuming somewhat limited discovery or discovery and then have a factual hearing on the issue of who pays for the work that was performed. That is all. Thank you. Thank you very much for your arguments, Mr. Kirkland. Thank you. Mr. Kirkland, I want to ask you the same question. Do you think this court has authority to dismiss the complaint? I believe so. What do you review if that would happen? Would it be the – If it's dismissed with prejudice, the amended complaint, that would be, I would assume. No. No. The complaint. Okay. But he filed an amendment. Of course, it's not up to the court. Do you think that's before us now? That's a good question. I didn't think it was proper to be filed in the first place, but it was done after most of the appeal was filed. Well, normally you're given 60 days to amend or change the cause of action before a final judgment. We ended up with a final judgment here. How do you give somebody permission to amend a complaint after you've already ordered, given people the right to go in and make repairs on somebody else's land? Well, I don't know how it's part of the trial record. I don't know how the amended complaint filed after the notice of appeal is part of the trial record. I think the clerk included it in the record. I'm talking about legally. Legally, yeah. I don't know how it could be part of the record either. Once the notice of appeal is filed, the court loses any jurisdiction. And anything that's filed, that's the reason I didn't answer it. It's filed after the notice of appeal. So it would be dehurst the record. Correct. But if you dismiss the complaint in this case, the only complaint that's on file has nothing to do with the result of the judgment. That's what the judge gave us. And it's not a complaint. I think that's part of the problem. Well, there is a complaint filed by Heffern and Broom, asked for an injunction and for other things, not for this. But the order that's being appealed from... Is a result of their motion to amend, which was denied. I mean, it never makes any sense. Well, there's also your objection. Right. That was supposed to be moved. Right. But they were given 60 days, which they filed their medical complaint on the 60th day. And then he goes on to say that we have 45 days and that there's going to be, you know, 218, basically. I just don't know. It's a mess. Yeah, unfortunately... I mean, you still have pleadings on file. So, I mean, even if this court could dismiss what's entitled to the complaint, your pleadings remain. As they file an amended pleading and the complaint is dismissed. I don't, you know... We can hold that my motion was not moved. We can hold that my motion was correct. We can hold that their motion to amend the injunction and to amend and asking for a specific performance is stricken. But then we're right back into a complaint after the horse is out of the barn. Right, so that's my question. That's all of our questions. Yeah. What do you do procedurally on this case? What do you think? I think that you could hold that their motion was stricken and hold that their request to amend the order to amend their complaint was stricken. And that pretty much ends the case. I don't believe so. Maybe I do. Okay. That could be dismissed. That could be dismissed. I'd be more than happy to dismiss it if everything was gone. That's about the only way I can see to deal with it. If they're not given a chance to file an amended complaint, that's the end. And then they would be stuck with the repairs. Right.